FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 0 9 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

    No. CIV-04-1382 JC/RHS
    CR-01-738 JC

ROBERT LONGLEY,

    Defendant-Movant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's response to the order entered January 19, 2005. The order required Defendant to show cause why certain of his claims under 28 U.S.C. § 2255 should not be dismissed as procedurally barred. The claims in question are for infringement by federal authorities of Defendant's state-protected rights, denial of a fair trial, insufficient evidence to convict on Count II, unconstitutional sentence under *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and insufficient evidence to support the firearms conviction. Defendant defaulted these claims by failing to raise them on appeal.

### A. Defaulted Claims

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.' " *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). " '[C]ause' under the cause and prejudice test must be something external

to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Defendant may establish prejudice by showing that the alleged errors " 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (applying error rule from *Kotteakos v. United States*, 328 U.S. 750, 776 (1946). Where the cause for default is ineffective assistance of counsel, Defendant must show " 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court analyses Defendant's claims under these standards.

In his response, Defendant attempts to show that under the cause and prejudice standard he should be allowed to litigate his defaulted claims. He first claims that his federal prosecution amounted to infringement of his state-protected rights, effectively arguing that the Court convicted him in the absence of subject matter jurisdiction. Defendant contends that his failure to appeal this issue should be excused because the claim was novel at the time and raising it would have been futile. To the contrary, as the Tenth Circuit stated long before Defendant's criminal prosecution, "the regulation of intrastate drug activity . . . implicates interstate commerce and is thus a valid exercise of Congress' power under the Commerce Clause." *United States v. Ingraham*, No. 96-8079, 1997 WL 312144 (10th Cir. 1997) (citing *United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir. 1995)). As the Supreme court stated in a similar context, "[t]his argument is without merit. While we have held that a claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default, petitioner's claim does not qualify as such." *Bousley*, 523 U.S. at 622) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). This claim was not novel at the time

of Defendant's appeal, although raising it certainly would have been futile, and it will be dismissed.

In his second claim, Defendant contends that he was denied a fair trial. He alleges that jurors are biased by anti-drug media campaigns authorized by 21 U.S.C. § 1802, and he claims that the statute violates certain of his First Amendment rights. As with his first claim, Defendant argues that his failure to appeal this issue should be excused because the claim was novel at the time and raising it would have been futile. On review of the cases cited by Defendant, it is clear that this is not a novel claim, and it is procedurally barred.

Defendant's third claim is that there was insufficient evidence to convict him of maintaining a place for manufacture, distribution, or use of controlled substances. He contends that his failure to appeal this issue should be excused because he is actually innocent of the charged conduct. *See Bousley*, 523 U.S. at 622. Defendant makes this argument by analogy to the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey*, the Court clarified the evidentiary standard for a conviction for use of a firearm during and in relation to a drug trafficking crime. The Court instructed that a conviction for use of a gun must be supported by evidence of the defendant's "*active employment*" of the weapon. *Bailey*, 516 U.S. at 143 (italics in original). Here, Defendant clearly "maintained" the drug trailer, *see United States v. Morgan*, 117 F.3d 849, 857-58 (5th Cir. 1997), and he concedes that he used methamphetamine. Defendant's allegations do not establish his innocence under a *Bailey* analysis, and this claim is barred.

Defendant asserts that his sentence is unconstitutional under the Supreme Court's decision in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004). The ruling in *Blakely* is not available to a defendant on collateral review of his criminal conviction. *See Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). Furthermore, the recent decision in *United States v. Booker*, ---

y

U.S. ---, 125 S. Ct. 738 (2005), which declares the mandatory application of the Sentencing Guidelines unconstitutional, *see id.* at 764, applies only to pending cases and those on direct review, *see id.* at 769; *see also Bey v. United States*, --- F.3d ---, ---, No. 05-3051, 2005 WL 469667, at *2 (10th Cir. Mar. 1, 2005). This claim will be dismissed.

Lastly, Defendant argues that the default of his claim of insufficient evidence of possession of a firearm should be excused as a matter of actual innocence as well as cause and prejudice. As grounds, he contends that the jury verdict and his conviction for trafficking were erroneous, and, as a result, possession of a firearm could not have been "in furtherance of" trafficking. (Defendant concedes that "[t]he Court might say that this is ludicrous.") Because Defendant has made no showing that his trafficking verdict and conviction were erroneous, or shown cause or prejudice for failing to appeal the issue, no relief is available on this claim.

### B. Ineffective Assistance of Counsel

Defendant makes two types of claims for ineffective assistance of counsel. First, he asserts that certain of the claims above resulted from counsel's ineffectiveness, both as a substantive matter and as grounds to excuse his default on appeal. And second, he sets out a litany of other errors allegedly committed by his attorney. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland*, 466 U.S. at 697). Under the foregoing "prejudice" analysis, the Court will dismiss the claims of ineffective assistance that are included in the five claims

discussed in Part A above. Plaintiff will be directed to answer Defendant's allegations at pages 12-15 of his response (CV Doc. 4).

IT IS THEREFORE ORDERED that Defendant's claims in his § 2255 motion are DISMISSED;

IT IS FURTHER ORDERED that the Clerk shall forward to the United States of America a copy of Defendant's motion to vacate, set aside or correct sentence and supporting papers and exhibits, if any, together with a certified copy of this Order;

IT IS FURTHER ORDERED that, within twenty-three days of receipt of this Order, the United States answer the allegations of ineffective assistance of counsel set forth at pages 12-15 of Defendant's response (CV Doc. 4).

_____
UNITED STATES DISTRICT JUDGE