**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff / Respondent,

v.                                                          Civil No. 04-1382 JC/RHS
                                                            Crim. No. 01-738 JC

ROBERT LONGLEY,

      Defendant / Movant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court upon Movant Robert Longley's "Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," ("Motion"), file-stamped December 9, 2004 **[Doc. 1]**.  Movant "was charged in a superseding indictment as follows: Count 1, possession of methamphetamine with an intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); Count 2, maintaining a place for manufacturing, distributing and using methamphetamine in violation of 21 U.S.C. § 856(a)(1) and § 856(b); and Count 3, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)." United States v. Longley, 75 Fed.Appx. 723, 724, 2003 WL 22138992, at **1 (10th Cir. Sept. 17, 2003) (not selected for publication in the Federal Reporter).  A jury convicted Mr. Longley on all three counts.  The Court subsequently sentenced Mr. Longley to "concurrent terms of 97 months on Counts 1 and 2, and to a term of 60 months on Count 3 to be served consecutively to the sentences imposed on Counts 1 and 2 . . . ." Longley, 75 Fed.Appx. at 725, WL 22138992, at **1.

2. On March 9, 2005, the Court dismissed most of Movant's claims raised in his Motion and directed the Government to respond to certain allegations of ineffective assistance of counsel. (See Memorandum Opinion and Order **[Doc. 5]**). On April 21, 2005, the Court denied Movant's motion for reconsideration and again directed the Government to "answer the allegations of ineffective assistance of counsel set forth at pages 12-15 of Defendant's [Movant's] response" filed on February 7, 2005 **[Doc. 4]**. (Order **[Doc. 7]**). On January 4, 2006, the Court clarified its order of April 21, 2005 and directed the Government to respond to the allegations of ineffective assistance of counsel contained in a declaration attached to Movant's "Memorandum or Points and Authorities in Support of Motion ('Memorandum')," filed December 9, 2004 **[Doc. 2]** and "supplemental claims" 1-7 and 9 contained in pages 12-13 of Movant's response filed on February 7, 2005. (See Order **[Doc. 15]**).[1]

3. Movant Longley, proceeding *pro se*, raises five (5) general grounds of error, all of which involve alleged deficiencies of counsel:[2]

(I) Counsel failed to investigate certain evidence found in Movant's trailer;
(II) Counsel failed to raise certain defenses at trial[3];

---

[1]The Government filed its response on March 6, 2006. (Government's Response to Petition Under 28 U.S.C. § 2255 to Vacate or Set Aside a Sentence by a Person in Federal Custody Filed on December 9, 2004 **[Doc. 18]**). Movant filed a reply on April 11, 2006. (Opposition to Government's Response to § 2255 Motion **[Doc. 19]**).

[2]Because Movant's allegations are numerous and difficult to parse, I have grouped them into 5 grounds in order to facilitate the Court's consideration of his claims.

[3]Movant asserts that: (1) counsel did not offer a defense regarding "opening and maintaining a place for purpose of manufacturing" and "possess[ing] firearms in furtherance of a drug trafficking crime" (Movant's Response to Court's January 18, 2005 Order to Show Cause Why § 2255 Should Not Proceed ("Movant's Response") at 12 ¶ 3 **[Doc. 4]**); and (2) counsel failed to offer proof that the bags of meth "were not of the same batch, to support Petitioner's

  (III)  Counsel failed to make certain objections[4]";

  (IV)  Counsel failed to request certain voir dire, jury instructions and/or verdict forms[5];

and

  (V)  Counsel provided ineffective assistance on appeal[6].

  4.  To prevail on a claim of ineffective assistance of counsel, Movant must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, Movant must establish that his counsel's performance "fell below an objective standard of reasonableness."  Id. at 688.  To meet this first prong, Movant "must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998) (quoting Strickland, 466 U.S. at 689); see also Duvall v. Reynolds, 139 F.3d 768, 777 (10th Cir. 1998).  With respect to this prong, Movant must show

---

claims he purchased them for his own usage."  (Id. at 13 ¶ 6).

[4]Movant claims that counsel did not challenge or object to:  (1) the indictment, specifically the element of the charge that Movant "possessed" firearms under § 924(c)(1)(A) and the associated jury instruction (Movant's Response at 13 ¶ 9); (2) testimony that a certain amount of methamphetamine could get "1,800 people high" (Declaration at 4 ¶ X); (3) prosecutor's statement that Movant "bought the little bags to sell 'poison'" (Id.); and (4) the failure to use a special verdict form with respect to the weapons charge under § 924(c)(1)(A) (Movant's Response at 12 ¶ 2).

[5]Movant alleges that counsel was ineffective for failing to request voir dire and/or jury instructions regarding:  (1) anti-drug advertisements and jury bias or prejudice (Declaration at 2 ¶ V); and (2) weapons with respect to "in furtherance of any drug trafficking crime" under § 924(c)(1)(A) (Movant's Response at 12 ¶¶ 1, 4).  In addition, Movant alleges counsel was ineffective for not requesting a special verdict form regarding weapons with respect to "in furtherance of any drug trafficking crime" under § 924(c)(1)(A) (Id. at 12 ¶ 2).

[6]Movant alleges that counsel provided ineffective assistance on appeal for the following reasons:  (1) counsel did not respond to the government's reply brief or seek a rehearing to correct errors of the appellate court (i.e., that the laboratory was operational) (Declaration at 3 ¶ VII); (2) counsel did not raise "the claims as set forth in my § 2255 on appeal" or appeal to the Supreme Court (Id. ¶ IX); and (3) counsel did not challenge Count II on appeal (Id. ¶ VI).

that defense counsel's performance was not simply wrong, but instead was completely unreasonable. See Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir.1997). When analyzing the performance of Movant's counsel, this Court will focus on "not what is prudent or appropriate, but only what is constitutionally compelled." United States v. Cronic, 466 U.S. 648, 665 n.38 (1984). Additionally, Movant's claim of ineffective assistance of counsel will be viewed "from the perspective of his counsel at the time he rendered his legal services, not in hindsight." Hickman, 160 F.3d at 1273; accord Strickland, 466 U.S. at 689.

  5. The second prong of the Strickland test requires Movant to show that his counsel's deficient performance prejudiced his defense. Strickland, 466 U.S. at 692. To satisfy the second prong, Movant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." Id. "When a defendant challenges a conviction, the question [in ascertaining prejudice] is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 695.

*Grounds I and II*

  6. In his first ground, Movant alleges that counsel was ineffective because he failed to investigate "the little bags" found during a search of the silver trailer. (Declaration of Robert Longley at 2 ¶ V, Ex. 1 attached to Memorandum). Movant argues that such an investigation "could have helped impeach [the] government's claim" that Movant used them to sell "poison." (Id.) Movant further alleges that counsel was ineffective for failing "to have the drugs analyzed to determine whether they were of the same batch or process." (Opposition to Government's

Response to § 2255 Motion ("Reply") at 7 **[Doc. 19]**).  Movant appears to argue that counsel's alleged failure to investigate deprived him of evidence in support of his defense of "personal usage."[7]  (Reply at 7).

7.  "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  Nguyen v. Reynolds, 131 F.3d 1340, 1347 (10th Cir. 1997) (citations and internal quotation marks omitted).  Here, Movant fails to show that counsel's alleged failure to investigate either fell below an objective standard of reasonableness or prejudiced his defense.

8.  On direct appeal, the Tenth Circuit Court of Appeals noted Movant's trial testimony that "he possessed methamphetamine, [but that] he did not manufacture it, . . . had no intent to distribute it to anyone, and that it was all for his own personal use, admitting that he was a long-time user of methamphetamine."  Longley, 75 Fed.Appx. at 725, 2003 WL 22138992, at **2. Nevertheless, the Tenth Circuit concluded that the "facts and circumstances of the case support th[e] . . . [jury's determination that Movant had an intent to distribute], i.e. lab equipment, chemicals, methamphetamine, digital scales, small plastic baggies, a ledger, $ 1900 in currency, surveillance equipment, and four loaded firearms."  Longley, 75 Fed.Appx. at 726, 2003 WL 22138992, at **2.  The facts and circumstances of the case similarly support the jury's determination that Movant maintained a place for manufacturing, distributing and using

---

[7]I note that the Tenth Circuit Court of Appeals has considered and rejected Movant's challenge to the sufficiency of the evidence underlying his conviction on Count 1 (possession with an intent to distribute).  Issues previously considered and disposed of on appeal will not be considered for federal review under § 2255.  United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).  Thus, an argument that counsel rendered ineffective assistance on this basis necessarily fails.

5

methamphetamine pursuant to 21 U.S.C. § 856(a)(1).  See, e.g., United States v. Verners, 53 F.3d 291, 297 (10th Cir. 1995)[8].

9.  Movant testified that he was a methamphetamine user and that the methamphetamine he possessed was intended for personal use.  Longley, 75 Fed.Appx. at 725, 2003 WL 22138992, at **2.  In addition, Movant and other defense witnesses provided "innocent explanations as to just why he had the various items mentioned above . . . ."  Id.  However, as the Tenth Circuit pointed out, the jury "was not required to believe defendant's version of the facts, and . . . . [b]y its verdict . . . rejected the theory of the defense."  Id. at 726, 2003 WL 22138992, at **2.  Movant does not demonstrate that any proposed evidence resulting from additional investigation would necessarily weaken incriminating inferences drawn from the evidence listed above or raise reasonable doubt as to Movant's guilt.  Thus, Movant fails to establish that counsel's alleged failure to investigate resulted in prejudice.

10.  In ground II, Movant alleges that counsel provided ineffective assistance because he offered no defense to Count 2 (maintaining a place for the purpose of manufacturing, distributing or using methamphetamine) and Count 3 (possessing a firearm in furtherance of a drug trafficking crime).  Movant's allegations, however, are contradicted by the record.

11.  At trial, Movant testified that although he used methamphetamine, he neither trafficked in nor manufactured the drug.  (Transcript of Proceedings on Jan. 23, 2002, Jury Trial,

---

[8]"[T]he more characteristics of a business that are present, the more likely it is that the property is being used 'for the purpose of' those drug activities prohibited by § 856(a)(1). Evidence that a place is being used to run such a business might include:  investment in the tools of the trade (*e.g.*, laboratory equipment, scales, guns and ammunition to protect the inventory and profits); packaging materials (baggies, vials, gelcaps, etc.); financial records; profits (either in the form of cash or in expensive merchandise); and the presence of multiple employees or customers."  Verners, 53 F.3d at 296-97.

Vol. II, filed on Aug. 29, 2002 ("Jury Trial Vol. II") at 244). Movant further testified that the silver trailer was "basically filled with tools and supplies for woodworking, [and] automobile painting."[9] (Id. at 246). On cross-examination, Officer Mallory agreed that the silver trailer contained items that may be found in a workshop, such as tools, paint, and paint thinner. (Id. at 169). Movant testified that he has collected firearms as a hobby since he was a teenager and denied possessing firearms in furtherance of a drug trafficking crime.[10] (Id. at 246-47). Several witnesses provided testimony in support of Movant.[11] In his closing statements, defense counsel highlighted the above testimony, contended that Movant maintained the trailer "to operate his business and to live in, . . . not to manufacture or distribute drugs," and argued that the Government failed to prove that Movant possessed a firearm in furtherance of a drug trafficking crime. (Jury Trial, Vol. II at 311).

12. Movant alleges that defense counsel failed to offer proof that the bags of methamphetamine found "were not of the same batch" in order to support his claim they were for his personal use. (Movant's Response at 13 ¶ 6). It is not clear how such information would support such a conclusion. However, a DEA forensic chemist presented evidence that differences existed between at least two samples of methamphetamine found in the trailer. (Jury Trial, Vol. II

---

[9]Movant testified that the silver trailer was his "workshop" and a "replacement for a garage because I don't have a garage." (Jury Trial, Vol. II at 254).

[10]Movant testified that he used the firearms for self-protection, sports shooting and to chase off coyotes. (Jury Trial, Vol. II at 251).

[11]Movant's sister and mother testified that Movant has a history of firearm ownership. (Jury Trial, Vol. II at 223, 232). Movant's mother testified that Movant "repairs cars, computers, and fixes my house and other people's stuff." (Id. at 232). Movant's wife testified that she has never known Movant to manufacture or traffic in methamphetamine. (Id. at 239).

at 198, 203 (testifying that one sample contained D-methamphetamine hydrochloride at 98 percent purity and another sample contained D-methamphetamine hydrochloride and dimethylsulfon at 23 percent purity)).  Thus, to the extent that defense counsel erred in failing to point out a lack of uniformity in the drugs found, such error was mitigated by the testimony of the forensic chemist on this issue.

    13.  Movant also alleges that counsel failed to explain "in more detail, the interior of the trailer to support that the trailer was not 'maintained' for manufacturing, but was for the business of a junk yard."  (Movant's Response at 13 ¶ 7).  Movant specifically alleges that counsel "should have sought to explain why two jars may have been present, which could have supported they had nothing at all to do with manufacturing."[12]  (Id.)  The Court finds these allegations vague and conclusory.  Moreover, as previously noted, defense counsel presented evidence that the trailer was a workshop and argued that the Government failed to prove that Movant maintained the trailer for the purpose of manufacturing or distributing methamphetamine.

    14.  "[T]he question under Strickland is not whether counsel could have done more, but whether counsel's decision not to do more was '[objectively unreasonable] in all the circumstances, applying a heavy measure of deference to counsel's judgments.'"  Turrentine v. Mullin, 390 F.3d 1181, 1209 (10th Cir. 2004) (quoting Strickland, 466 U.S. at 691) (second set of brackets in original).  Movant has failed to demonstrate that counsel's conduct fell below this objective standard.  In any event, Movant has not shown a reasonable probability that the result of the proceeding would have been different absent counsel's alleged errors with respect to grounds

---

[12]On cross-examination, Officer Mallory apparently agreed with defense counsel that "there has been no scientific verification of what that liquid solution was?"  (Jury Trial, Vol. II at 160).

I and II. Thus, relief based on these grounds should be denied.

*Grounds III and IV*

15. In ground III, Movant alleges that his counsel was ineffective because he did not object to or challenge: (i) the indictment and related jury instructions (particularly the element of Count 3 pertaining to the possession of firearms), (ii) testimony that the methamphetamine found could get "1,800 people high," (iii) the prosecutor's statement that Movant "bought the little bags to sell 'poison'", and (iv) the lack of a special verdict form with respect to the weapons charge under § 924(c)(1)(A). (Movant's Response at 12, 13; Declaration at 4 ¶ X). A mere failure to object to evidence does not necessarily render an attorney's assistance ineffective. Yarrington v. Davies, 992 F.2d 1077, 1080 (10th Cir. 1993) (citation omitted). "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the fact-finder would have had a reasonable doubt respecting guilt . . . In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the . . . jury." Id. (citations omitted).

16. Here, a review of the record does not indicate that the alleged failure of defense counsel to raise the objections identified by Movant either constituted objectively unreasonable conduct or caused the outcome of the trial to be different. For example, Movant apparently disagrees with Officer Mallory's statement that the nine (9) grams of methamphetamine found at the trailer contained approximately 1,800 "dosage units." (Jury Trial, Vol. II at 173). However, when defense counsel explored this testimony on cross-examination, Officer Mallory explained that whether 1,800 people "could get *high* using those nine grams" would "depend on the person[s] . . . [and] their previous use. It's going to depend on various things." (Jury Trial, Vol.

9

II at 173-74 (emphasis added)).  Thus, Movant's counsel did not allow Officer Mallory's testimony on this point to pass unchallenged.  Moreover, in light of the totality of the evidence before the jury, defense counsel's alleged failure to challenge either Officer Mallory's or the prosecutor's statement regarding selling "poison" do not undermine the Court's confidence in the outcome of the trial proceedings.

17. The record does not indicate that the jury received an erroneous indictment, jury instruction or verdict form with respect to Count 3 (possession of a firearm in furtherance of a drug trafficking crime).  Despite Movant's argument to the contrary, § 924(c)(1)(A) does provide for conviction of a person who, "in furtherance of any such [drug trafficking] crime, *possesses* a firearm."  18 U.S.C. § 924(c)(1)(A) (emphasis added).  Consequently, counsel's failure to object to the indictment, jury instruction or verdict form on this basis is not objectively unreasonable.  Because Movant does not establish either deficient conduct of counsel or resulting prejudice, relief based on this ground should be denied.

18. In ground IV, Petitioner alleges that his counsel was ineffective for failing to request certain voir dire, jury instructions and verdict forms.  An attorney's actions during voir dire are considered to be matters of trial strategy.  Nguyen v. Reynolds, 131 F.3d 1340, 1349 (10th Cir. 1997) (citation omitted).  A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill chosen that it permeates the entire trial with obvious unfairness.  Id.  Although Movant contends that counsel should have requested voir dire or jury instructions to determine whether the jury was improperly biased by anti-drug advertisements, nothing indicates that the jury was improperly biased.  Moreover, the jury received instructions from the court regarding the applicable law and the consideration of

10

evidence, and nothing suggests that the jury disregarded those instructions. United States v. Coleman, 7 F.3d 1500, 1506 (10th Cir. 1993) (stating that jurors are presumed to follow the law).

19. Movant alleges that counsel was ineffective because he failed to request proper jury instructions regarding Counts 2 and 3 to insure that the jury's verdict would be based on sufficient evidence.[13] This Court's review of the Trial Court's jury instructions is limited to whether the instructions as a whole sufficiently cover the issues presented by the evidence and constitute correct statements of the law. See United States v. Jaynes, 75 F.3d 1493, 1504 (10th Cir. 1996) (citation omitted). Considering the instructions as a whole, nothing indicates that the jury either misunderstood the issues or was misled. Id. (citation omitted).

20. Movant apparently contends that due to improper instructions or verdict forms, the jury may have convicted him of possessing a firearm in furtherance of a drug trafficking crime based on a weapon found in a safe. Although several firearms were found in the trailer, the indictment explained that the charge in Count 3 was based on two firearms, neither of which were found in a safe. (Instruction 8B of Court's Instructions to the Jury ("Jury Instructions") **[Cr. Doc. 82]**; Jury Trial, Vol. I at 52). The jury was further instructed that in order to convict Movant under Count 3, it must find that Movant not only possessed a firearm, but that he "possessed a firearm that furthers, advances, or helps forward the drug trafficking crime [alleged in Count I]." (Jury Instruction 8G). As with ground III, I find that Movant's allegation on this ground fails to establish counsel's deficient conduct or prejudice. Accordingly, relief based on

---

[13]Movant's allegations on this ground are vague and conclusory. Although a *pro se* litigant's pleadings should be liberally construed, he is not relieved of the burden of alleging sufficient facts on which a recognized legal claim could be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); see also Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991).

ground IV should be denied.

*Ground V*

21. In ground V, Movant alleges numerous reasons that counsel provided ineffective assistance on appeal. Movant contends that counsel's appellate conduct was ineffective because he failed to respond to the Government's reply brief, did not seek a rehearing to correct appellate errors (specifically a statement that the "laboratory was operational"), failed to raise claims that Movant set forth in his § 2255 motion, did not challenge Count 2, and did not seek an appeal to the United States Supreme Court.

22. Counsel's alleged failure to appeal Movant's conviction to the Supreme Court cannot constitute deficient conduct. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam) (explaining that a criminal defendant does not have a constitutional right to counsel in order to pursue an application in the Supreme Court). Further, "the Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal." Banks v. Reynolds, 54 F.3d 1508, 1515 (10th Cir. 1995). Movant's allegations fail to establish that counsel constitutionally erred in failing to raise certain issues on appeal.

23. Even assuming that counsel's conduct fell below the requisite objective standard of reasonableness, Movant does not demonstrate that he was prejudiced by the alleged errors of appellate counsel. That is, Movant fails to show a reasonable probability that absent his counsel's errors on appeal, the outcome of his proceeding would be different. See Banks, 54 F.3d at 1516 (explaining that an inquiry regarding prejudice is whether appellate counsel's errors undermine the court's confidence in defendant's conviction).

24. Finally, to the extent that Movant claims that the alleged deficiencies set forth above

comprise "cumulative error," such a claim should be denied because each ground has no merit. Because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that Movant is not entitled to relief, I find that an evidentiary hearing is not necessary.  See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988).

### Recommendation

I recommend that Mr. Longley's "Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," **[Doc. 1]** be DENIED and that this civil proceeding be DISMISSED with prejudice in its entirety.  Any pending motions should be DENIED as moot.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                                                                                     _/s/ Robert Hayes Scott_
                                                          ROBERT HAYES SCOTT
                                                          UNITED STATES MAGISTRATE JUDGE